Dawes v. Taylor.

SARAH ANN DAWES

v.

AARON TAYLOR et al.

1. Where no special ground of equitable jurisdiction is alleged, a bill to restrain a sheriff from selling, under execution, lands claimed to belong to a person other than the defendant in execution, cannot be maintained.

2. If a bill is demurrable and allowed by the defendant to proceed to a hearing, and then dismissed for want of equity, the dismissal will be without costs.

Bill for relief. On final hearing on pleadings and proofs.

*Mr. S. M. Schanck* and *Mr. J. Buchanan*, for complainant.

*Mr. W. D. Holt*, for defendants.

THE CHANCELLOR.

The bill is filed to restrain the defendant, Aaron Taylor, and the sheriff from selling under execution on a judgment obtained by Taylor against John Dawes, certain real estate, the title to which, at the time of the recovery of the judgment, was held by the complainant as owner thereof. The injury apprehended, and which the bill is filed to avert, is a cloud upon the complainant's

title. She is in possession of the property. The bill is filed under the act "to compel the determination of claims to real estate in certain cases, and to quiet the title to the same." It is merely intended to bring to trial here the question as to the validity of the complainant's title to the land, and to restrain the defendants from proceeding to sell the property under the judgment until that question shall have been decided in this court. No fraud, gross injustice or irremediable injury or other ground of equitable jurisdiction, is alleged. This court, therefore, will not entertain jurisdiction. It is the ordinary case of the threatened sale under execution against one person of property claimed by another, and equity will not take jurisdiction in such case. *Freeman* v. *Elmendorf, 3 Hal. Ch. 475, S. C. on appeal, Id. 655 ; High on Inj.* § *266 ; Am. Dock &c. Co.* v. *Trustees &c., 5 Stew. Eq. 428 ; S. C. on appeal, 8 Stew. Eq.* . In *Freeman* v. *Elmendorf, ubi sup.,* it was held that this court has no jurisdiction in such a case as this, but that the jurisdiction belongs to the legal tribunals. The statute above referred to, which was passed subsequently to that decision, does not confer jurisdiction where it did not previously exist. *Jersey City* v. *Lembeck, 4 Stew. Eq. 255.* The bill will be dismissed, but inasmuch as the defendants ought to have demurred, and not to have permitted the case to proceed to a hearing, thereby putting both parties to expense which would have been spared had there been a general demurrer, the dismissal will be without costs.